UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DANIEL FOSTER,

                              Plaintiff,

        v.                                                    Civil Action No._____

MERCANTILE ADJUSTMENT BUREAU, LLC,

                              Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

## I.  INTRODUCTION

1.   This is an action for actual and statutory damages brought by an individual consumer for
     Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*
     (hereinafter "FDCPA") and the Telephone Consumer Protection Act of 1991 (hereinafter
     referred to as the "TCPA").

## II. JURISDICTION AND VENUE

2.   Subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C.§
     1331.

3.   That Plaintiff's cause of action under the TCPA is predicated upon the same facts and
     circumstances that give rise to his federal cause of action.  As such, this Court has
     supplemental jurisdiction over Plaintiff's TCPA causes of action pursuant 28 U.S.C. §1367.

4.   Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts
     business here and the conduct complained of occurred here.

## III. PARTIES

5.   Plaintiff Daniel Foster is a natural person residing in the County of Erie and State of New
     York, and is a "consumer" as that term is defined by 15 U.S.C.§1692a(3).

6.   Defendant Mercantile Adjustment Bureau, LLC (hereinafter "Mercantile") is a domestic
     limited liability company organized and existing under the laws of the State of New York
     and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7.   That at all times relevant herein, Plaintiff was and is a "person" as defined by 47
     U.S.C.§153(32).

8. That Defendant, at all times relevant herein, owned, operated and/or controlled "customer premises equipment" as defined by 47 U.S.C.§153(14), that originated, routed, and/or terminated telecommunications.

9. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

10. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by 47 U.S.C.§153(22).

11. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by 47 U.S.C.§153(43).

12. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by TCPA, 47 U.S.C.§153(52), that existed as instrumentalities of interstate and intrastate commerce.

13. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(1).

14. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

15. Defendant regularly attempts to collect debts alleged to be due another.

16. All references to "Defendant" herein shall mean the Defendant or an employee of said Defendant.

## IV. FACTUAL ALLEGATIONS

17. That Plaintiff incurred a medical debt to Mercy Hospital.  This debt will hereinafter be referred to as "the subject debt."

18. That upon information and belief, the subject debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family, or household purposes.

19. That upon information and belief, the subject debt was a "debt" as that term is defined by is defined by 15 U.S.C.§1692a(5).

20. That Plaintiff's insurance paid the subject debt in full.

21. That upon information and belief, despite the debt having been paid in full by Plaintiff's insurer, Defendant was thereafter employed by Mercy Hospital to attempt to collect on the subject debt.

22. That on or about July 15, 2008, Defendant began calling Plaintiff's residential telephone line multiple times per week in an attempt to collect on the subject debt,

23. That several of the abovementioned telephone calls were made using an automatic telephone dialing system and/or left an artificial and/or prerecorded voice message requesting that Plaintiff return Defendant's telephone call.

24. That the artificial and/or prerecorded voice messages described above stated "The Office of Susan James" was calling regarding a personal financial matter of Plaintiffs.

25. That at no time during the telephone calls described in paragraph 24, did Defendant give meaningful disclosure of their identity. Additionally, Defendant failed to state they were a debt collector attempting to collect a debt.

26. That Plaintiff repeatedly informed Defendant that he did not owe the subject debt and asked Defendant to stop calling his telephone.

27. That despite Plaintiff's instructions, Defendant continued to call Plaintiff multiple times per week and leave artificial and/or prerecorded voice messages on Plaintiff's residential telephone answering machine directing Plaintiff to return Defendant's telephone call.

28. That on or about August 13, 2008, Plaintiff's mother, Linda Foster, answered one of Defendant's call.  Upon picking up the telephone, she heard an artificial and/or prerecorded voice message from Defendant that disclosed that Plaintiff had a personal financial matter with the "Offices of Susan James."

29. That prior to Defendant Mercantile's telephone call as described in the above paragraph, Linda Foster was unaware of the subject debt.

30. That also in or about August of 2008, Defendant called Plaintiff Foster and asked for payment of the subject debt.  Plaintiff again disputed owing the subject debt.  Defendant insisted the Plaintiff owed the subject debt.  Plaintiff stated that his mother picked up an automated telephone call from Defendant which disclosed the subject debt, violating his rights.  Defendant asked who told Plaintiff about that law and called Plaintiff a "deadbeat" who was trying to find a way not to pay his bill.  Defendant continued raising his voice and stating Plaintiff needed to pay his "fucking bills."  After hearing this and other obscenities and Defendant's shouting, Plaintiff terminated the telephone call.

31. Plaintiff thereafter began having chest pains, impaired vision, numbness in the left side of his body and constriction of his throat.  Plaintiff called his mother and told her that if she did not hear from him within the next forty minutes to either call an ambulance or to come over and take him to the hospital.  Plaintiff then immediately called Mercy Hospital and the MAC

Center to see if he could get treatment if he still owed the bill that Defendant claimed was still owing.  Although the hospital assured him they would treat him, Plaintiff's symptoms subsequently subsided and, thus, he chose not to go to the emergency room.

32. That despite Plaintiff informing Defendant the subject debt was not owed by him, Defendant again called Plaintiff in an attempt to collect on the subject debt.

33. That as a result of the foregoing, Plaintiff Foster became nervous, upset, and suffered from emotional distress.

### V. COUNT ONE
(Fair Debt Collection Practices Act
and 15 U.S.C. §1692 et seq.)

34. Plaintiff repeats and re-alleges and incorporates by reference paragraphs 1 through 33 above.

35. That Defendant violated 15 U.S.C. §1692b(1),  15 U.S.C. §1692b(2),  15 U.S.C. §1692c(b), by communicating with Linda Foster for purposes other than to obtain location information for Plaintiff.

36. That Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using profane language and language the natural consequence of which is the abuse the hearer when stating Plaintiff was a "deadbeat" who was trying to find a way not to pay his bill and stating Plaintiff needed to pay his "fucking bills."

37. That Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse and harass.

38. That Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(6), and 15 U.S.C. §1692e(11) by placing telephone calls without meaningful disclosure of Defendant's identity and failing to state a debt collector was calling in an attempt to collect a debt.

39. That Defendant violated 15 U.S.C. §1692g by failing to provide Plaintiff with notice of the subject debt and an opportunity to dispute the subject debt.

### VI. COUNT TWO
(Telephone Consumer Protection Act of 1991
and 47 C.F.R.64.1200, et seq.)

40. Plaintiff repeats, re-alleges and incorporates by reference the preceding and succeeding paragraphs in this Complaint as if each of them was reprinted herein below.

41. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and   47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to Plaintiff's residential telephone line and/or using an  artificial and/or prerecorded voice to deliver messages without having the consent of Plaintiff to leave such messages.

42. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

43. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

44. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiff, and disturbed his peace and tranquility at home and elsewhere.

45. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages and experience severe emotional distress.

46. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, is liable to Plaintiff for actual damages, statutory damages, treble damages, and costs and attorneys fees.

47. Plaintiff received multiple telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B).

48. The Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling Plaintiff to a maximum of treble damages, pursuant to TCPA, 47 U.S.C.§227(b)(3).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k and 47 U.S.C.§223(b)(3)(B).

(c) Treble statutory damages pursuant to 47 U.S.C. §227b(3).

(d) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e) For such other and further relief as may be just and proper.

## VII. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: April 8, 2009

/s/ Kenneth R. Hiller_____
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
        ajordan@kennethhiller.com

6